# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT 1849 C Street NW Washington, DC 20240<br><br>*Defendant*. | CIVIL ACTION NO. 23-cv-2324<br><br>**COMPLAINT** |

## **PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Bureau of Land Management (BLM) to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking an updated version of the dataset for land health provided to PEER in previous FOIA requests.

2. PEER submitted a FOIA request on May 10, 2023 seeking records from the previous calendar years relating to BLM's dataset for land health. PEER's FOIA request referenced and built upon information learned in response to previous requests submitted between 2007 and 2020 to BLM.

3. To date, Defendant has failed to make a final determination on either of Plaintiff's FOIA requests or to disclose to the Plaintiff all of the requested documents within the time stipulated under FOIA or provide any date when such documents will be disclosed.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Massachusetts, New York, and Tennessee.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and

natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

10. Defendant BLM is a sub-agency of the U.S. Department of the Interior and an agency of the United States under 5 U.S.C. § 552(f)(1).

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The Defendant's refusal to provide the Plaintiff with the records requested or make a final determination on Plaintiff's FOIA request within 20 working days of the date of the requests' submissions is a violation of FOIA.

## STATEMENT OF FACTS

12. On May 10, 2023, PEER submitted a FOIA request to BLM seeking an "[a]n updated version of the Dataset for Land Health provided in response to a prior 2007, 2012, 2020 FOIA to PEER." PEER noted that:

    the dataset's contents include:

    i. Administrative State (BLM State Office under which allotment jurisdiction falls)
    ii. Office Code (BLM field office under which allotment jurisdiction falls)
    iii. Allotment Number (unique identification number associated with allotment)
    iv. Authorization Number (unique identification number for grazing permits associated with allotments
    v. Date of most recent Land Health Determination (date of most recent evaluation of whether allotment is meeting state [Land Health Survey])
    vi. Land Health Standard(s) not achieved in the Allotment and significant causal factor(s) identified (indicates which, if any,

        [Land Health Standards] not achieved and identifies causal factor)
- vii. Type of NEPA Analysis for Grazing Authorization (EA, EIS, CX, DNA). viii. Date NEPA Analysis in Column 7 was Completed (mm/dd/yyyy).

PEER sought "the most recent version of this dataset, including results of [Land Health Survey] evaluations completed on any and all allotments since 2018."

13. The same day it was submitted, BLM assigned this FOIA request tracking number DOI-BLM-2023-004485.

14. Since the request was submitted, PEER has yet to receive any responsive records or a final determination on DOI-BLM-2023-004485.

## CAUSE OF ACTION

15. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

16. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

17. FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual

circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

18. Twenty working days from May 10, 2023, was June 7, 2023.

19. As of the date of this filing, Plaintiff has not received a final determination on DOI-BLM-2023-004485.

20. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its January 2022 and March 2022 FOIA requests, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

21. Defendant's conduct amounts to a denial of Plaintiff's FOIA requests. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the BLM's actions and policies concerning search and rescue, as well as other law enforcement duties.

22. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA requests, as well as other appropriate relief, including attorneys' fees and costs.

23. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA requests within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on August 11, 2023,

s/ *Monica Mercola*
Monica I. Mercola, DC District NY0513

Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorney for Plaintiff*